FILED
IN CLERKS OFFICE
U.S. DISTRICT COURT ED N.Y:
★ JAN 1 ⬚ ⬚ ★
P.M. _____
TIME A.M. _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
UNITED STATES OF AMERICA,

06 CR 837 (SJ)

-against-

**MEMORANDUM
AND ORDER**

SONIA HENAO,

Defendant.
-------------------------------------------------------X

APPEARANCES
UNITED STATES ATTORNEY
Benton J. Campbell
United States Attorney
225 Cadman Plaza East
Brooklyn, New York 11201
By:   Valerie Tocci, Esq.
Attorney for Plaintiff

FEDERAL DEFENDERS OF NEW YORK, INC.
16 Court Street – 3rd Floor
Brooklyn, NY 11241
By:   Michael D. Weil, Esq.
Attorney for Defendant

JOHNSON, Senior District Judge:

Presently before the Court is a Report and Recommendation ("Report") issued by Magistrate Judge Kiyo A. Matsumoto on November 26, 2007. On November 30, 2007, Defendant Sonia Henao ("Defendant"), by and through counsel, timely filed objections to the Report. The government did not file any objections to the Report. For the reasons stated herein, this Court affirms and adopts Judge Matsumoto's Report in its entirety.

1

A district court judge may designate a magistrate judge to hear and determine certain motions pending before the Court and to submit to the Court proposed findings of fact and a recommendation as to the disposition of the motion. See 28 U.S.C. § 636(b)(1). Within 10 days of service of the recommendation, any party may file written objections to the magistrate's report. See id. Upon *de novo* review of those portions of the record to which objections were made, the district court judge may affirm or reject the recommendations. See id. The Court, however, is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. See Thomas v. Arn, 474 U.S. 140, 150 (1985).

In addition, failure to file timely objections may waive the right to appeal the magistrate's decision. See 28 U.S.C. § 636(b)(1); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989). While the level of scrutiny entailed by the court's review of the report depends on whether or not objections have been filed, in either case the court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations. See Wood v. Schweiker, 537 F. Supp. 660, 661 (D.S.C. 1982).

In the case at bar, Defendant objects to Judge Matsumoto's finding of probable cause with respect to her arrest on October 26, 2006, which ultimately led to the Defendant's indictment for money laundering and money laundering conspiracy, in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i) and 1956(h), respectively.

P-049

After reviewing Judge Matsumoto's Report and Defendant's objections, and after reviewing *de novo* those portions of the record to which the objections were made, the Court concludes that Defendant has not raised any new arguments that would convince this Court to reject Judge Matsumoto's well-reasoned recommendations. Accordingly, this Court will defer to the findings of Judge Matsumoto and it affirms and adopts the Report in its entirety. The motion to suppress is DENIED.

SO ORDERED.

Dated: January 9, 2008
Brooklyn, NY

/s/(SJ)

Senior United States District Judge

3